I try to represent myself. I'm sorry my English is not perfect. I make it a couple of... Do you have a couple of points you'd like to make? Yeah. Go ahead. You know what, you have to speak up a little bit because that's a recorder, but it's not a microphone. It doesn't expand so we can hear you. We'll understand if we can hear. Go ahead. Okay. Can I give it to you that I make it a copy of... Why don't you just... What is it you want to tell us? Tell us... We've read all of the paperwork and the briefs and we're very familiar with the issues. And you're appealing the... Two things you're appealing, but what seems to be most critical is your appeal from the denial of the motion to reopen. Yes. Is that correct? All right. Other than what has been presented in your briefs and whatnot, would you like to supplement that in any way? Yes. Okay. Just tell me briefly what it is you want to say. I want to supplement the deportation what they had before. And I think the deportation officer had a mistake and it's everything in the case before. And right now I have to reopen my case. You raised two grounds in your motion to reopen. One was that you received ineffective assistance of counsel before the Ninth Circuit in the earlier proceeding. And the other was that you wanted to present... You obtained new evidence following the immigration hearing, primarily the transcript of the 60 Minutes program that interviewed the security... This was President Kuchma. Kuchma. Yes, sir. Leonard Kuchma. Yes. We've looked at all of that. So we're familiar with what your arguments are. I gather what you want to do now is submit something else. Is that something you have? No, it's not submitted. Just everything in the case is what we have before. And that's it. Just because I can't speak... Why don't you give it to... Did you provide the government counsel a copy of whatever you have there? Yes, I did. Is that right? Why don't you hand him whatever you've got? Just give it to her. And you can give one to the clerk of the court or give some to the clerk of the court there. And then why don't we hear what the government has to say and then you can respond, OK? How's that? Yes. OK. Let's hear from the government. May I please the court? I'm Lindsay Williams and I represent the respondent in this matter. I see the clock is not... Well, she'll reset it for you. You have 10 minutes. Don't worry. Just for the record, we have not received a copy of what petitioner submitted. Today, the respondent respectfully requests that the court affirm the decision of the immigration judge, both finding that the imprisonment that petitioner experienced did not constitute torture pursuant to the Now that's two separate... They're two separate petitions, correct? Correct. With respect to the remand order that was issued by this court, with instructions for the board to determine whether or not the imprisonment that petitioner experienced constituted torture under CAT, substantial evidence in the record supports the board's decision that the treatment that the petitioner experienced did not rise to the level of torture. The testimony and his asylum application indicated that he was in prison for a period of three months, that he was held in an isolated cell. He was, however, provided with food twice a day. He was... Does it matter what the food was? No, Your Honor. You said that and moved on so quickly, I get it. No, Your Honor. It didn't make any difference. No, Your Honor. Basically, the respondent's point is that this court has held that torture has to rise to severe pain and suffering or some extreme form of cruel and inhuman treatment. And in this particular case, granted the petitioner's time in the prison was not a pleasant experience, it doesn't rise to the level of torture pursuant to the case law in this court. He was fed on a daily basis. He was held in a cell. There's no evidence that he was tortured other than the vague statement, I was tortured. He had the burden of proof in the case. He tried to supplement that in his late brief to the BIA with statements that he was beaten while he was in prison. Correct, Your Honor. He did... That wasn't part of the record. No, it wasn't part of the record. That was before the board when they originally heard the case. And in addition, he had been served with notice of when his brief was due and failed to file the brief in a timely manner. I get the feeling that the court is more focused on the motion to reopen. I think probably you should address the motion to reopen. Okay. Respondent believes that the board did not abuse its discretion in denying the petitioner's motion to reopen. With respect to his ineffective assistance of counsel claim, the former counsel that he had hired did not represent him past the Ninth Circuit proceedings. So in the remand proceedings... He was charged about as much as anybody would have charged to represent him for more than that, didn't he? I'm sorry, I don't understand your question, Your Honor. Did he charge $1,500 or more? The petitioner has alleged in his petition that somehow the price seemed to alter as the time for his brief to be filed became nearer. However, looking at the attorney's response to the letter that the petitioner wrote to him, there's no evidence that that occurred. Basically, with respect to the administrative record, what the former counsel said to the petitioner is, you requested the administrative record from me, I couldn't find it, I attempted to find it. When I realized that I wasn't going to be able to find it, I advised you to go to the Ninth Circuit to get a copy, which the petitioner did do. He did receive a copy of the administrative record from the Ninth Circuit. And once the counsel received or once the counsel found the administrative record, he did provide it to the petitioner. And I'm not positive on this point, but I do believe that it was prior to him filing his brief. The other claim for ineffective assistance to counsel, or the basis for the claim, is that the attorney apparently told him the wrong due date for when his brief was to be filed. And the attorney's response to that was, again, I wasn't retained to represent you at that point. We may have had a vague discussion about when generally briefs are due, but I was not your counsel at that point. And in addition to that, the record reflects that the board did serve the petitioner with notice of when his brief was due to the address of record. Do you think the counsel had any obligation at all to make sure that Mr. Morozov understood when his briefs were due? I think the counsel had the obligation to tell Mr. Morozov where he could get that information, and to tell Mr. Morozov, don't count on what I'm saying to you right now, because I don't know for sure what the due date is. You need to find that out for yourself, which is, in the counsel's response, that's what he said he did. He made it clear to Mr. Morozov that he was no longer representing him and that Mr. Morozov was responsible. Now, there was another basis for his motion to reopen, which is pretty clear. In his handwritten motion to reopen, he asserted two grounds. Yes, Your Honor, he did. The second ground is not even mentioned in the BIA's order. Well, Your Honor, it could be argued that it was not mentioned. It could be argued. I want you to show me, in that order, where they address the new evidence. Well, Your Honor. Help me understand how I should interpret it that way. It's Administrative Record, page 6. Basically, if the court chooses to read the sentence, we have considered the evidence presented by the respondent in support of his motion. Evidence that was submitted in support of his motion included... As well as the response of his former counsel. Correct. In light of the evidence of record, we find that respondent's claim of ineffective assistance of counsel to be without merit. Correct. Correct. That is how it reads. However... It is. Correct. However, two points. One, what I just stated is that it's clear that the board did consider all the evidence that was submitted in support of the motion, and that does include... Our case law says that they not only have to consider it, but they have to address it. Yes, Your Honor, and one argument is that with that sentence, they did address it. If, however, Your Honors don't feel that that's the case, then we argue that Petitioner didn't raise that argument in his informal brief to this court, that the board didn't specifically address the motion to reopen in that decision. What do you make of his additional evidence? Well, the third point is that it's clear that the additional evidence would not be considered new, unavailable evidence. What he wants to provide to the BIA or to the immigration judge was... I'm sorry, Your Honor? What he wanted to provide was the transcript of a 60-minutes show that occurred, that was broadcast after his immigration hearing. Correct, Your Honor. However... That wasn't available at the time of his... That transcript was not available at the time of his hearing. I believe, Your Honor, that the show, though, had aired at the time that the... At the time that he petitioned, at the time that he appealed to the board and at the time that he petitioned to this court, that... And certainly at the time that... But he didn't have it available for him at the time of the IJ hearing. I would have to look at the record, Your Honor, to see whether... That's my recollection. I'm not dead certain, but I think that's the case. I need to look at the... Well, Your Honor, it is... One moment. Let me look and see. So the date that the show was aired was April 29, 2001. And the date of his hearing... Correct. The show was aired after... The show was aired after his... The oral decision was issued by the immigration judge. However, it can be argued that a motion to reopen could have been filed earlier. He could have raised this information certainly earlier than April 8, 2004, three years after it was aired. That's not what the board said, though. They didn't say anything. No, Your Honor. They didn't say that. Respondent's position is that the court can approach this one of two ways, either to read that the statement that the board has considered the evidence presented by the respondent to cover the evidence presented for his asylum claim, meaning the transcript, or that the court can remand for the board to make that determination. Okay. If there are no further questions, then the respondent respectfully requests that the court affirm both decisions of the board. Okay. Thank you. Mr. Morozo. Mr. Morozo. Does anybody wish to say in response to what she just said, was telling us? Yes, it's page 295, administrative record. So what they did, they changed address form. I locked 11 months in a deportation facility. I don't have a chance to go to the library in any evidence form. I need to show it to the judge. And after I changed the form, I have a bail bond, and I go outside. Bail bond was the attorney. Yes. And nobody changed this form. An immigration judge sent me a letter to inside the facility. You had already left by that time. Yes, I left in Belmont, California. And after two months at this point, I received a deportation letter. So I was already deported because I had no response. It's not my fault, and automatically they didn't give me a chance. They didn't give me a chance, automatically still doing my case and appeal and argue. But you did file a motion to reopen. After that, yes. And you presented all of this other stuff. Two months later, and automatically already deported me. Okay. I think we're familiar with the record. Thank you. The matter will be submitted. We appreciate the argument, and the matter will be deemed submitted.
judges: Farris, Paez, Block